UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE BARTFELD, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>AMCO INSURANCE COMPANY,<br><br>  Defendant. | Case No. 22-cv-05075-TSH<br><br>**ORDER DENYING MOTION TO REMAND**<br><br>Re: Dkt. No. 14 |

## I.   INTRODUCTION

Defendant AMCO Insurance Company ("AMCO"), has removed this action from San Francisco Superior Court on diversity jurisdiction grounds. Plaintiffs Bruce and Jeri Bartfeld, individually and dba Bartfeld Sales, move for remand, arguing they named a John Doe defendant whose identity is not yet known but who is a real individual that destroys diversity jurisdiction. ECF No. 14. AMCO filed an Opposition (ECF No. 17) and Plaintiffs filed a Reply (ECF No. 20). The Court finds this matter suitable for disposition without oral argument and **VACATES** the November 17, 2022 hearing. *See* Civ. L.R. 7-1(b). Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **DENIES** Plaintiffs' motion for the following reasons.[1]

## II.   BACKGROUND

Plaintiffs initiated this action in San Francisco Superior Court against AMCO, John Doe, and Roes 1-75, arising out of a July 28, 2020 fire that destroyed their San Francisco warehouse

---

[1] The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). ECF Nos. 7, 10.

and construction supply business. *See* Compl., *Bartfeld v. AMCO Ins. Co., et al.*, Case No. CGC-22-600884, attached to Notice of Removal, ECF No. 1. On September 7, 2022, AMCO removed the case to this Court based on diversity jurisdiction. This motion followed.

Plaintiffs do not dispute that the amount in controversy exceeds $75,000 nor that they and AMCO are citizens of different states. Mot. at 3. Rather, they note there is a second defendant, John Doe, who they allege started the fire. *Id.* Plaintiffs allege John Doe is an unhoused individual residing in San Francisco and argue they "have requested and are waiting on the San Francisco Police and Fire Departments to release their respective reports, which Plaintiffs, upon information and belief, understand will reveal John Doe's identity."[2] *Id.* at 2. On September 14 Plaintiffs submitted a request to the fire department for copies of the incident and investigation report but were advised it "is not approved for release" and is "being withheld from disclosure based on the California Public Records Act (CA Government Code §6254(f)) and the San Francisco Sunshine Ordinance (SF Administrative Code §67.24(d)), due to the determination of the fire as being 'Incendiary.'" Cook Decl. ¶ 2 & Ex. A, ECF No. 14-1.

Plaintiffs argue the report will reveal John Doe's identity, he is a real party in this case, and his California citizenship destroys diversity jurisdiction. Mot. at 2.

### III.   LEGAL STANDARD

Under 28 U.S.C. § 1441(a), a defendant may remove to federal court any matter that originally could have been filed in federal court. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Federal courts are courts of limited jurisdiction and possess subject matter jurisdiction in civil cases based only on federal question or diversity jurisdiction. *Id.*; *see* 28 U.S.C. §§ 1331, 1332. Diversity jurisdiction exists over "all civil actions where the matter in controversy exceeds

---

[2] As part of their motion, Plaintiffs request the Court take judicial notice of the preliminary fire incident report. ECF No. 15. As it is referenced extensively in their complaint, its authenticity is not subject to reasonable dispute, and it is relevant to the matters at issue, the Court **GRANTS** Plaintiffs' request. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim."); *In re Gilead Sciences Sec. Litig.*, 2005 WL 181885, at *4 (N.D. Cal. Jan. 26, 2005) (a court can take judicial notice of documents on which allegations in the complaint necessarily rely, even if those documents are not expressly referenced in the complaint, provided the authenticity of those documents is not in dispute).

1    the sum or value of $75,000, exclusive of interest and costs," and there is complete diversity of

2    citizenship between the parties.  28 U.S.C. § 1332(a).

3    "The[ ] statutory procedures for removal are to be strictly construed," *Syngenta Crop Prot.,*

4    *Inc. v. Henson*, 537 U.S. 28, 32 (2002), and there is a "strong presumption against removal

5    jurisdiction," *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 885 (9th Cir. 2006).  The

6    removing defendant bears the burden of establishing by a preponderance of the evidence that

7    removal was proper.  *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d

8    1102, 1106-07 (9th Cir. 2010).  "If at any time before final judgment it appears that the district

9    court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

10   "[W]hether remand is proper must be ascertained on the basis of the pleadings at the time of

11   removal."  *Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1277 (9th Cir. 2017).  "Where doubt

12   regarding the right to removal exists, a case should be remanded to state court."  *Matheson v.*

13   *Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

### IV.   DISCUSSION

15   As noted above, there is no dispute that complete diversity exists between Plaintiffs, who

16   are citizens of California, and AMCO, a corporation organized and existing under the laws of the

17   State of Iowa, with its principal place of business in the city of Des Moines, Iowa.  Mot. at 3; Not.

18   of Removal ¶¶ 6-7.  The parties' disagreement lies with John Doe, who Plaintiffs contend is a

19   California resident.  AMCO counters that he was not named as a defendant at the time of removal

20   and thus cannot be considered for the purposes of establishing diversity jurisdiction.  Opp'n at 2-3.

21   28 U.S.C. § 1441(b)(1) provides that "[i]n determining whether a civil action is removable

22   on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants

23   sued under fictitious names shall be disregarded."  "Congress enacted that provision as part of the

24   Judicial Improvements and Access to Justice Act of 1988 'to address the issue of Doe defendants

25   for purposes of diversity and remand.'"  *Valdez v. Home Depot U.S.A., Inc.*, 2022 WL 4137691, at

26   *2 (N.D. Cal. Aug. 25, 2022) (quoting *Johnson v. Starbucks Corp.*, 475 F. Supp. 3d 1080, 1083

27   (C.D. Cal. 2020)).  Congress intended the provision in part to respond to the "problem that arises

28   in a number of states that permit suits against 'Doe' defendants.  The primary purpose of naming

3

fictitious defendants is to suspend the running of the statute of limitations." H.R. Rep. No. 100-889, at 71 (1988), *as reprinted in* 1988 U.S.C.C.A.N. 5982, 6032. "The general rule has been that a joinder of Doe defendants defeats diversity jurisdiction unless their citizenship can be established, or unless they are nominal parties whose citizenship can be disregarded even if known." *Id.* "This rule in turn creates special difficulties in defining the time for removal." *Id.* The report continues:

> Experience in the district courts in California, where Doe defendants are routinely added to state court complaints, suggests that in many cases no effort will be made to substitute real defendants for the Doe defendants, or the newly identified defendants will not destroy diversity. If the plaintiff seeks to substitute a diversity-destroying defendant after removal, the court can act as appropriate under proposed § 1447(d) to deny joinder, or to permit joinder and remand to the State court.

*Id.*

Following the 1988 amendments, the Ninth Circuit explained that, in enacting the amendments, "Congress obviously reached the conclusion that doe defendants should not defeat diversity jurisdiction." *Bryant v. Ford Motor Co.*, 886 F.2d 1526, 1528 (9th Cir. 1989). Later, the Ninth Circuit held that "the citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant." *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002).

District courts in California have diverged on whether pleading non-diverse Doe defendants divests a court of removal jurisdiction where the plaintiff initially does not know the real identity of the defendant but has pled enough facts about them to eventually identify them. "On one hand, many courts have ruled that the plain language of 28 U.S.C. § 1447(d) *per se* bars consideration of a Doe defendant's citizenship for removal purposes." *Valdez*, 2022 WL 4137691, at *2 (collecting cases). "Other courts have recognized that a literal interpretation of the removal statute may not make sense where a Doe defendant is merely a placeholder for a known person who can be readily identified through discovery and the complaint's description of Doe Defendants or their activities is specific enough as to suggest their identity, citizenship, or relationship to the action." *Id.* (collecting cases) (simplified). "This line of decisions favors

4

1   remand where the plaintiff's descriptions of the Doe defendants 'provide a reasonable indication
2   of their identity, the relationship to the action, and their diversity-destroying citizenship.'" *Id.*
3   (quoting *Robinson v. Lowe's Home Centers, LLC*, 2015 WL 13236883, at *3 (E.D. Cal. Nov. 13,
4   2015)).

5         Here, the Court finds the removal statute's plain language, legislative history, and Ninth
6   Circuit law militate against remand at this stage while keeping the door open for potential remand
7   at a later time. Plaintiffs identity John Doe as the person that started the fire, but his identity was
8   unknown at the time of removal (and is still unknown). While Plaintiffs may be able to identify
9   him after discovery, they provide no evidence to suggest that John Doe has been apprehended, that
10  his California citizenship will be determined, or that law enforcement has otherwise been able to
11  determine and verify John Doe's identity. In these circumstances, 28 U.S.C. § 1447(b)(1)
12  obligates the Court to disregard his citizenship at the time of removal. *See Valdez*, 2022 WL
13  4137691, at *4 (denying motion to remand where defendant's discovery responses identified Doe
14  1's full name, but plaintiff had not amended his complaint in state court prior to removal); *Munsey*
15  *v. FCA US LLC*, 2020 WL 12863658, at *2 (N.D. Cal. Apr. 9, 2020) (denying motion to remand
16  where plaintiff's complaint identified a specific Doe defendant as a car dealership in California,
17  but the defendant removed the complaint before he had an opportunity to amend it to name this
18  California car dealership); *Smith v. FCA US LLC*, 2020 WL 1651430, at *2 (N.D. Cal. Apr. 3,
19  2020) (A "plaintiff's stated intent to name California defendants at some point in the future does
20  not alter the diversity analysis.") (citing *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567,
21  570 (2004) ("It has long been the case that the jurisdiction of the court depends upon the state of
22  things at the time of the action brought.") (citation and internal quotations omitted).

23        Congress expressly designed an approach for Plaintiffs to substitute John Doe's identity
24  post-removal in these circumstances. *See* 28 U.S.C. § 1447(e) ("If after removal the plaintiff
25  seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the
26  court may deny joinder, or permit joinder and remand the action to the State court."). As the
27  Ninth Circuit observed, the citizenship of a Doe defendant can become relevant "when the
28  plaintiff seeks leave to substitute a named defendant." *Soliman*, 311 F.3d at 971 (citing 28 U.S.C.

United States District Court
Northern District of California

§§ 1441(a) and 1447(e)). Then, if diversity is the only basis for the court's subject matter jurisdiction, joinder of non-diverse defendants will divest the court of jurisdiction. *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001).

Legislative history confirms that Congress intended 28 U.S.C. § 1447(e) as a solution to allow joinder of a non-diverse Doe defendant. *See United States v. Saini*, 23 F.4th 1155, 1161 (9th Cir. 2022) (even where the statutory text is "unambiguous and our interpretation does not lead to any absurdity,[ ] we note that legislative history supports our interpretation"). As noted above, the House report explained that "[i]f the plaintiff seeks to substitute a diversity-destroying defendant after removal, the court can act as appropriate under proposed § 1447[(e)] to deny joinder, or to permit joinder and remand to the State court." H.R. Rep. No. 100-889, at 71.4. Congress further explained:

> Proposed section 1447(e) is new. It takes advantage of the opportunity opened by removal from a state court to permit remand if a plaintiff seeks to join a diversity-destroying defendant after removal. Joinder coupled with remand may be more attractive than either dismissal under civil rule 19(b) or denial of joinder. The flexibility built into the framework of rule 19(b) fully supports this approach. This provision also helps to *identify the consequences that may follow removal of a case with unidentified fictitious defendants*.

*Id.* at 72-73 (emphasis added).

Plaintiffs admit that substitution is a likely possibility, stating: "While the reports may be delayed and/or are currently not obtainable, Plaintiffs believe they may be able to obtain more information via a subpoena, such as an arrest record or an incident report, which will confirm whether an individual was arrested or whether witnesses were interviewed that might shed light on John Doe's identity. As AMCO is well aware, there exists security video footage from a neighboring building showing both John Doe and a municipal vehicle driving at the back of Plaintiff's [sic] warehouse at the time of the fire. As such, Plaintiffs are confident such jurisdictional discovery will yield the identity of John Doe who started the fire." Reply at 4. If this is true, Plaintiffs will be able to amend their complaint and seek remand if the named defendant's joinder would destroy subject matter jurisdiction. However, as Plaintiffs did not amend their complaint in state court to substitute a named defendant before AMCO filed its notice

of removal, and they are unable to substitute a named defendant at this time, the Court must disregard John Doe's citizenship. *See* 28 U.S.C. § 1447(b)(1); *see also Valdez*, 2022 WL 4137691, at *4. Only when Plaintiffs "seek[] leave to substitute a named defendant" will the citizenship question become relevant. *Soliman*, 311 F.3d at 971; *Valdez*, 2022 WL 4137691, at *4 ("The court cannot consider Castillo's citizenship unless and until Valdez seeks leave to substitute Castillo as a named defendant."); *Garcia v. Walmart, Inc.*, 2022 WL 796197, at *3 (C.D. Cal. Mar. 16, 2022); *Goldsmith v. CVS Pharmacy, Inc.*, 2020 WL 1650750, at *3 (C.D. Cal. Apr. 3, 2020) ("Here, Plaintiff has not moved to substitute Doe 1, or any Doe for that matter, for a named defendant, and thus, the Court must disregard the citizenship of the Doe Defendants for removal purposes").

## V. CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiffs' motion to remand.

**IT IS SO ORDERED.**

Dated: November 3, 2022

THOMAS S. HIXSON
United States Magistrate Judge